```
          IN THE UNITED STATES DISTRICT COURT
        FOR THE WESTERN DISTRICT OF TENNESSEE
                    WESTERN DIVISION
```

_____

JAMES ADAMS,

    Plaintiff,

vs.     No. 05-2295-Ma/V

CORPORAL STUBBS, et al.,

    Defendants.

_____

```
                    ORDER OF DISMISSAL
             ORDER DENYING MOTION FOR TRIAL DATE
        ORDER CERTIFYING APPEAL NOT TAKEN IN GOOD FAITH
                            AND
                NOTICE OF APPELLATE FILING FEE
```
_____

Plaintiff, James Adams, prisoner number 290690, an inmate at the West Tennessee State Prison ("WTSP"), filed a complaint under 42 U.S.C. § 1983 in the United States District Court for the Middle District of Tennessee at Nashville and paid the filing fee.[1] United States District Judge Robert L. Echols transferred the case to this district pursuant to 28 U.S.C. § 1404(a). The Clerk of Court shall file the case and record the defendants as the State of Tennessee,[2] Corporal Stubbs, David Mills, and Quenton White.

---

[1] Plaintiff wrote the Clerk of Court on February 24, 2006, requesting confirmation that his filing fee was received. The documents transmitted by the United States District Court for the Middle District of Tennessee clearly reflect that $250 was received and credited to this case.

[2] Plaintiff named the Tennessee Department of Correction ("TDOC") as a defendant. A state department is not a suable entity. Therefore the Court construes the complaint to name the State of Tennessee as the defendant. See Hafer v. Melo, 502 U.S. (1991).

I.   ANALYSIS OF PLAINTIFF'S CLAIM

Plaintiff sues the Tennessee Department of Correction ("TDOC"), former TDOC Commissioner Quenton White, WTSP Warden David Mills, and Corporal Stubbs.  Plaintiff alleges that he was sent to punitive segregation on January 15, 2004.  He further alleges that on February 2, 2004, while he was in segregation, his personal property was inventoried by Defendant Stubbs.  On February 4, 2004, plaintiff was released from punitive segregation and he discovered his Panasonic Stereo system had been stolen from the property room.  Plaintiff exhausted his administrative grievance process and also filed a claim with the Division of Claims Administration.  He alleges that the Division of Claims Administration sent him a check for $20.  Plaintiff refused the check, advising the Division of Claims that his stereo system was priceless and that it could not be replaced.  Plaintiff filed an appeal with the Tennessee Claims Commission and alleges that he received a judgment on January 4, 2005 for $25.  Plaintiff alleges that the defendants "have already admitted to negligence" and seeks an order for full reimbursement or replacement of his stereo system.

The Court is required to screen prisoner complaints and to dismiss any complaint, or any portion thereof, if the complaint—

  (1)  is frivolous, malicious, or fails to state a claim
  upon which relief may be granted; or

  (2)  seeks monetary relief from a defendant who is immune
  from such relief.

28 U.S.C. § 1915A(b); see also 28 U.S.C. § 1915(e)(2)(B).

Plaintiff's claims against the State of Tennessee are barred by sovereign immunity. Absent a clear abrogation of immunity by congressional action or an express state waiver of that immunity, the Eleventh Amendment prohibits suits against a state in federal court. Kentucky v. Graham, 473 U.S. 159, 165-66 (1985); Pennhurst State Schl. & Hosp. v. Halderman, 465 U.S. 89, 98-100 (1984); Quern v. Jordan, 440 U.S. 332 (1979). A state is not a person within the meaning of 42 U.S.C. § 1983. Will v. Michigan, 491 U.S. 58, 71 (1989). Even to the extent that a suit seeks only injunctive relief against the State, the Eleventh Amendment bars the action. Idaho v. Coeur D'Alene Tribe of Idaho, 117 S. Ct. 2028, 2041-42 (1997).

Plaintiff has no claim against Warden Mills or former TDOC Commissioner White. The complaint alleges no cause of action against Mills or White. Plaintiff merely alleges that he wrote these defendants "informing them of the situation" and that they took no action on his complaint. When a plaintiff completely fails to allege any action by a defendant, it necessarily "appears beyond doubt that the plaintiff can prove no set of facts which would entitle him to relief." Spruytte v. Walters, 753 F.2d 498, 500 (6th Cir. 1985). Furthermore, there is no respondeat superior liability under 1983. Monell v. Dept. Soc. Serv., 436 U.S. 658, 691 (1978); Bellamy v. Bradley, 729 F.2d 416, 421 (6th Cir. 1984)(liability under § 1983 in a defendant's personal capacity must be predicated upon some showing of direct, active participation in the alleged misconduct). Instead,

> [t]here must be a showing that the supervisor encouraged the specific instance of misconduct or in some other way directly participated in it. At a minimum, a § 1983 plaintiff must show that a supervisory official at least implicitly authorized, approved or knowingly acquiesced in the unconstitutional conduct of the offending subordinates.

Id. (citation omitted). A supervisory official who is aware of the unconstitutional conduct of his subordinates, but fails to act generally cannot be held liable in his individual capacity. Shehee v. Luttrell, 199 F.3d 295, 300 (6th Cir. 1999); Lillard v. Shelby County Bd. of Educ., 76 F.3d 716, 727-28 (6th Cir. 1996). In this case, the complaint is devoid of allegations that defendants Mills or White "at least implicitly authorized, approved or knowingly acquiesced in the unconstitutional conduct of the offending subordinates," Bellamy, 729 F.2d at 421. It is clear from the face of the complaint, even construed liberally under Haines v. Kerner, 404 U.S. 519 (1972), that plaintiff relies entirely on the supervisory capacities of defendants Mills and White as the sole basis for any claims against them.

Furthermore, a negligent deprivation of personal property by state officials is not actionable under section 1983 if the state provides an adequate remedy for that deprivation. See, e.g., Parratt v. Taylor, 451 U.S. 527 (1981). Davidson v. Cannon, 474 U.S. 344 (1986), and Daniels v. Williams, 474 U.S. 329 (1986), held that "the Due Process Clause [of the Fourteenth Amendment] is simply not implicated by a negligent act of an official causing unintended loss of or injury to . . . property." Moreover, Hudson v. Palmer, 468 U.S. 517 (1984), held that even an intentional

4

deprivation of personal property by state officials is not actionable under § 1983 if the state provides an adequate remedy for that deprivation. See also Smith v. Rose, 760 F.2d 102, 106 (6th Cir. 1985); Brooks v. Dutton, 751 F.2d 197 (6th Cir. 1985).

Tennessee has created a claims procedure which provides an adequate remedy for the negligent deprivation of the property of state prison inmates. See Tenn. Code Ann. § 9-8-301 to -308. The Tennessee Claims Commission has jurisdiction of claims of negligent injury inflicted on state prison inmates and deprivations of their personal property. Tenn. Code Ann. § 9-8-307(a)(1)(E) & (F). Plaintiff admits that he has invoked this remedy. The claims procedure is an adequate remedy despite plaintiff's dissatisfaction with the result.

Accordingly, the entire complaint fails to state a claim upon which relief may be granted and is DISMISSED pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) and 1915A(b)(1).  Plaintiff's motion for a trial date is DENIED as MOOT due to the dismissal of this complaint.[3]

## II.  APPEAL ISSUES

The next issue is whether plaintiff should be allowed to appeal this decision in forma pauperis. Twenty-eight U.S.C. § 1915(a)(3) provides that an appeal may not be taken in forma pauperis if the trial court certifies in writing that it is not taken in good faith. The good faith standard is an objective one.

---

[3] For analysis under 28 U.S.C. § 1915(g) of future filings, if any, by this plaintiff, this is the second dismissal in this district of one of his cases for failure to state a claim or as frivolous.

Coppedge v. United States, 369 U.S. 438, 445 (1962).  Accordingly, it would be inconsistent for a district court to determine that a complaint  fails to state a claim upon which relief may be granted, but has sufficient merit to support an appeal in forma pauperis. See Williams v. Kullman, 722 F.2d 1048, 1050 n.1 (2d Cir. 1983). The same considerations that lead the Court to dismiss this case for failure to state a claim also compel the conclusion that an appeal would be frivolous.  It is therefore CERTIFIED, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal in this matter by plaintiff is not taken in good faith, and plaintiff may not proceed on appeal in forma pauperis.

    The final matter is the assessment of a filing fee if plaintiff appeals the dismissal of this case.  The United States Court of Appeals for the Sixth Circuit has held that a certification that an appeal is not taken in good faith does not affect an indigent prisoner plaintiff's ability to take advantage of the installment procedures contained in § 1915(b).  McGore v. Wrigglesworth, 114 F.3d 601, 610-11 (6th Cir. 1997).  McGore sets out specific procedures for implementing the PLRA.  Therefore, plaintiff is instructed that if he wishes to take advantage of the installment procedures for paying the appellate filing fee, he must comply with the procedures set out in McGore and § 1915(b).

    IT IS SO ORDERED this 16th day of March, 2006.

                                  s/ SAMUEL H. MAYS, JR.
                                  UNITED STATES DISTRICT JUDGE

05-2295.Order